IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EURELL MONTGOMERY, and STERLING MCKOY, as Trustee;<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK N.A., U.S. BANK NATIONAL ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP, INC.,<br><br>Defendants. | **8:24CV502**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the amended complaint filed on October 27, 2025, Filing 18, and the supplement filed on October 31, 2025. Filing No. 19. Plaintiffs Sterling McKoy (McKoy) and Eurell Montgomery (Montgomery) were granted leave to pursue this case in forma pauperis. Filing 6. The Court now conducts an initial review of their claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Liberally construed, Plaintiff's amended complaint alleges as follows.

McKoy is the trustee of the 3610 N. 50th Street Land Trust (Land Trust). Montgomery is the beneficiary and lives in the residence held by the Land Trust; the property located at 3610 N. 50th Street, Omaha, Nebraska 68104, (hereafter the "Subject Property"). Filing 18 at 2-3.

The Subject Property was purchased by Montgomery's parents on August 24, 2005, for approximately $100,000.00. The funding for this purchase was provided by a loan from U.S. Bank N.A. The loan was securitized by a deed of trust, with defendant U.S. Bank National Association serving as the trustee. Mortgage Electronic Registration Systems, Inc. (MERS), and MERSCORP Holdings, Inc. (MERSCORP) registers and tracks mortgage instruments and acted as the nominees for U.S. Bank N.A. and the loan servicer. Filing 18 at 3.

Montgomery has lived in the Subject Property since his parents purchased it in 2005. After Montgomery's father passed away in 2012, his mother executed a Joint Tenancy Warranty Deed naming herself and Montgomery as joint tenants. Montgomery's mother died in 2018. Filing 18 at 4.

In 2022, U.S. Bank, N.A. began foreclosure proceedings. The notice of default was not sent to Montgomery at the Subject Property's address, but rather to Montgomery's grandmother. Filing 18 at 4. In January 2023, U.S. Bank N.A. closed its loss mitigation review due to the lack of a confirmed successor in interest for the Subject Property. Filing 19-1 at 25.

Montgomery contacted U.S. Bank N.A. in January 2023 to arrange for making the delinquent payments and servicing the loan going forward. He was told he needed to complete a successor in interest form. Filing 18 at 4. On March 17, 2023, Montgomery went to the Recorder's office and removed his mother's name from the deed to the Subject Property. He completed the forms received from U.S. Bank N.A. in April of 2023, but the packet of forms sent by the bank did not include the successor in interest form. Filing 18 at 5. After Montgomery returned the completed forms, U.S. Bank N.A. notified him that the successor in interest form was missing and the bank needed a court order

or affidavit stating Montgomery is the rightful heir to the Subject Property. Filing 18 at 5.

On June 6, 2023, Montgomery placed the Subject Property into the Land Trust for estate planning purposes, and he appointed McKoy as trustee for that trust. Filing 18 at 5. Throughout 2023, Montgomery and McKoy repeatedly asked U.S. Bank N.A. to confirm that Montgomery was the recognized successor in interest to the Subject Property. But U.S. Bank N.A. provided conflicting responses, including falsely claiming Montgomery had not provided the required documents. Filing 18 at 5-6.

In May of 2025, U.S. Bank N.A. sent a letter to McKoy at the Subject Property's address which directed him to update the successor in interest documents so the bank could discuss the arrearages and potential loss mitigation. McKoy promptly complied. Filing 18 at 6. On August 21, 2025, U.S. Bank N.A. acknowledged Montgomery was a successor in interest to the Subject Property, explaining

> Now that we have received acceptable proof establishing you as the successor(s) in interest, we will be able to discuss specific account information, including continuance of the payments on the loan, assumption of the loan, and where appropriate, qualification of available customer assistance options.

Filing 19-1 at 25. As of August 2025, the account was 44 payments in arrears, with nonpayment dating back to January 1, 2022. Filing 19-1 at 27.

Plaintiffs submitted a loss mitigation application on September 20, 2025, along with copies of McKoy's account statements and his signed agreement to provide mitigation assistance, and copies of Montgomery's bank statements and social security checks. Filing 19-1 at 9-22, 30-31.

Throughout 2025, McKoy and Montgomery repeatedly attempted to communicate with U.S. Bank N.A. to facilitate servicing the loan in lieu of foreclosure. However, as the amended complaint explains in detail, U.S. Bank

N.A. representatives gave conflicting answers and demands regarding the loan mitigation application; e.g., admitting receipt of required documents and later denying their receipt, stating certain documentation was sufficient and later claiming it was not, stating the bank's response would be available by certain dates but not meeting those deadlines, etc. Notwithstanding U.S. Bank N.A.'s numerous delays, missteps, and misrepresentations regarding loan mitigation, the foreclosure process remained ongoing. Filing 18 at 6-9.

As of October 10, 2025, Montgomery believed his loss-mitigation application remained "under review," Filing 18 at 8, but the application had been denied on October 8, 2025. Filing 19-1 at 2. On October 20, 2025, U.S. Bank N.A. sent a letter stating McKoy was now listed as an agent to act on behalf of Montgomery's deceased mother. The letter was written to Montgomery's deceased mother, not Montgomery, and it was sent to the address of Montgomery's grandmother, not to the Subject Property. Filing 19-1 at 38.

McKoy called U.S. Bank N.A. on October 27, 2025. He was then told, for the first time, that Plaintiffs' loan mitigation application was denied, ostensibly because Montgomery failed to provide a copy of his "award letter" for receipt of Social Security income. Filing 19-1 at 2. U.S. Bank N.A. had previously stated copies of Montgomery's two most recent Social Security checks, which were provided, could be submitted in lieu of an award letter. Filing 19-1 at 2-3. Contrary to prior directions, McKoy was also told he should have submitted his tax returns, not bank statements, to prove his financial ability to assist in servicing the loan. Filing 19-1 at 3. In a later call that day, U.S. Bank N.A. told McKoy that Plaintiffs could reapply immediately if a social security award letter was provided. Filing 19-1 at 4.

Plaintiffs' amended complaint alleges U.S. Bank N.A. engaged in a deliberate strategy to run out the clock on their reinstatement efforts while maintaining the appearance of compliance with federal law. Filing 18 at 9. Plaintiffs state they relied on U.S. Bank N.A's earlier assurances and factual misrepresentations, and as a result, they owe an additional $20,000 in arrearages and have incurred costs for mailings in an amount exceeding $1000, costs for court filings in an amount exceeding $4500,[1] and accrued late fees and inspection charges exceeding $2,000. Filing 19-1 at 5. Plaintiffs state they have experienced severe emotional distress and anxiety, and they lost time and the opportunity to reinstate the mortgage. Plaintiffs also claim the defendants' conduct was indicative of a pattern or practice of noncompliance with RESPA warranting an award of statutory damages under 12 U.S.C § 2605(f)(1)(B). Filing 19-1 at 5.

## II.   DISCUSSION

Plaintiffs sue U.S. Bank N.A., U.S. Bank National Association, MERS, and MERSCORP. Plaintiffs seek recovery under the Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. § 2601, et seq.) and its implementing regulation, Regulation X (12 C.F.R. 1024). Plaintiffs claim the defendants failed to perform the loss mitigation duties defined in 12 C.F.R. § 1024.41, failed to correct servicing errors as required under 12 C.F.R. § 1024.35, and failed to respond to requests for information as required under 12 C.F.R. § 1024.36. They also seek recovery under Nebraska law for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and intentional misrepresentation, and violation of the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1601, et seq.

---

[1] Plaintiffs' demand for $4500 as costs of court filings is puzzling. They were granted leave to proceed before this Court *in forma pauperis*. Filings 2. 6. Perhaps cases were also filed in other courts, none of which are mentioned in the amended complaint.

## A. Claims against U.S. Bank National Association, MERS, and MERSCORP

Plaintiffs' amended complaint states "each Defendant acted as the agent or alter ego of the others, and each participated in or ratified the wrongful acts" stated in the amended complaint. Filing 18 at 3. Other than this conclusory statement, which the Court disregards, there are no allegations of misconduct by U.S. Bank National Association, MERS, or MERSCORP. A complaint that lists a defendant's name in the caption without alleging that the defendant was involved in alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); see also *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

Therefore, Plaintiff's claims against U.S. Bank National Association, MERS, and MERSCORP must be dismissed for failure to state a claim.

## B. Claims by McKoy

McKoy appears without the assistance of counsel. As the Court previously stated, McKoy, a non-lawyer, cannot represent the Land Trust in this Court. Filing 17 at 6-7 (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.") (citing 28 U.S.C. § 1654); *Joshua Bldg. Tr. v. Clementi*, 78 F.3d 588 (8th Cir. 1996) ("A non-lawyer trustee may not represent a trust pro se in federal court.")). So, any claim McKoy purports to allege in his capacity as trustee for the Land Trust must be dismissed.

McKoy is not foreclosed from raising claims on his own behalf without the assistance of counsel. Here, the amended complaint alleges McKoy agreed to assist Montgomery with any loan mitigation in lieu of foreclosure for the Subject Property. But the amended complaint alleges U.S. Bank N.A. rejected Plaintiffs' request to assume the loan extended to Montgomery's parents for purchase of the Subject Property. Therefore, McKoy is not and may never be responsible for any amounts owed on the Subject Property, including any arrearages incurred due to U.S. Bank N.A.'s alleged violation of federal and state laws. While the amended complaint alleges damages for the cost of mailings and court filings, and lost time and the opportunity to reinstate the mortgage, by their nature, these damage claims belong to the Land Trust, not McKoy personally. And the Court has found no authority allowing a trustee to recover for emotional distress suffered in performance of duties for the trust. Even assuming such a claim could be pursued, McKoy has alleged no facts supporting a claim for emotional distress recovery.

McKoy has not sufficiently alleged personal damages caused by the alleged misconduct of U.S. Bank N.A., and without any showing of injury, McKoy cannot pursue a claim on behalf of himself. He also cannot pursue a claim as trustee of the Land Trust without the assistance of counsel. McKoy must therefore be dismissed as a Plaintiff from this action.

### C. Claims by Montgomery against U.S. Bank N.A.

#### 1. Federal Law Claims under RESPA/Regulation X

Montgomery is the beneficiary of the Land Trust, not the trustee. As the Court previously explained,

> "As a general rule, a beneficiary may not bring an action at law on behalf of a trust against a third party." *Int'l Ass'n of Fire Fighters, Loc. 2665 v. City of Clayton*, 320 F.3d 849, 851 (8th Cir. 2003) (citing Restatement (Second) of Trusts § 281(1) (1957)). "The right to bring such an action belongs to the trustee." *Id*. "Ordinarily 'a

beneficiary cannot even assert a claim of the trust in equity.'" *Id.* (quoting *Ricke v. Armco, Inc.*, 92 F.3d 720, 724 (8th Cir. 1996)); see also *Klingelhoefer v. Parker, Grossart, Bahensky & Beucke, L.L.P.*, 834 N.W.2d 249, 255 (Neb. Ct. App. 2013) ([B]eneficiaries of a trust may generally enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so.").

Filing 17 at 7.

However, a beneficiary may pursue a claim against a third party regarding the trust or its property if "the beneficiary is in possession, or entitled to immediate distribution, of the trust property involved," or "the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." Restatement (Third) of Trusts § 107 (2012). *See also* Restatement (Second) of Trusts § 281 (1959). Montgomery is in possession of the property and for the purposes of this initial review, the Court will assume (without deciding) that McKoy, who cannot pursue a claim on the trust's behalf due to lack of counsel, is "unavailable" to protect Montgomery's interests held in the Land Trust.

Under RESPA, loan servicers "must respond to inquiries from borrowers seeking information about their accounts or to correct accounting errors." *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 717 (8th Cir. 2018) (quoting 12 U.S.C. § 2605(e)). RESPA "imposes a substantive obligation on mortgage loan servicers to conduct a reasonably thorough examination before responding to a borrower's qualified written request." *Id.* (citing 12 U.S.C. § 2605(e)(2)(B)-(C)).

RESPA authorizes only "borrowers" to sue for violations of its provisions. 12 U.S.C. § 2605(f). *Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019). The word "borrower" is not defined in RESPA and is therefore afforded its common meaning. The distinction between loans and mortgages is key to interpreting the ordinary meaning of "borrower." For a loan, the lender provides money in

9

exchange for a promise that it will be paid back. Mortgages or deeds of trust, which often accompany a real estate loan, are separate documents that provide collateral for the loan.

Signing a mortgage or deed of trust, or owning a home subject to one, does not make that person a "borrower." A "borrower" is someone who has borrowed money from a lender and promised to pay it back. Only people who are personally obligated under a loan—those who signed or assumed it—can be borrowers under RESPA. *Keen v. Helson,* 930 F.3d 799, 802 (6th Cir. 2019).

Here, U.S. Bank N.A. acknowledged Montgomery is the successor in interest to the Subject Property, meaning Montgomery has a recognized interest in the property. However, Montgomery never signed documents agreeing to pay the loan extended by U.S. Bank N.A. to his parents, and by denying the loan mitigation application, U.S. Bank N.A. has stated it will not permit Montgomery to replace his parents as the borrower and thereby assume the obligations of his parents' loan.

Montgomery is therefore not a borrower, and he lacks standing to pursue a claim for damages due to violations of RESPA and Regulation X. *Id.* (holding ex-spouse who signed the mortgage but not the loan documents could not bring an action under RESPA for alleged failures to properly review her requests before foreclosing on her house). *See also, McHugh v. Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc. Asset-Backed Certificates, Series 2007-8*, No. CV 21-2174 (JRT/JFD), 2022 WL 4226208, at *3 (D. Minn. Sept. 13, 2022) ("Nowhere does RESPA or Regulation X give anyone other than a borrower a private cause of action to enforce the limits on when servicers can first notice or file foreclosures."). Montgomery's claims under RESPA and Regulation X must be dismissed.

10

## 2. State Law Claims

Montgomery's remaining claims allege a right to recover for breach of contract, breach of the covenant of good faith and fair dealing, fraud and misrepresentation, and the NCPA. These claims arise under state law, not federal law, so federal question jurisdiction is lacking. Plaintiff must therefore allege facts supporting a different basis for exercising subject matter jurisdiction.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant," (*Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001)), and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

Here, it is apparent from the face of the amended complaint that the amount in controversy is not greater than $75,000. Montgomery's alleged special damages total less than $30,000. While Montgomery also requests damages for emotional distress, he has failed to allege a factual basis for asserting this claim. More importantly, his claims for fraud, and for breach of contract and breach of the covenant of good faith and fair dealing do not support recovery for emotional distress under Nebraska law. *Williams v. Raynor Rensch & Pfieffer*, No. 8:11-CV-446, 2015 WL 2127095, at *23–24 (D. Neb. May 6, 2015), aff'd sub nom. *Williams v. Raynor*, 669 F. App'x 340 (8th Cir. 2016) (citing *Tolliver v. Visiting Nurse Ass'n of Midlands*, 771 N.W.2d 908, 916 (Neb. 2009); *Braesch v. Union Ins. Co.*, 464 N.W.2d 769, 772 (Neb. 1991), overruled on other grounds by *Wortman ex rel. Wortman v. Unger*, 578 N.W.2d 413, 417 (Neb. 1998); *Kanne v. Visa U.S .A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006)). And even assuming the NCPA is applicable to the allegations raised in Montgomery's amended complaint, emotional distress damages "are not susceptible to measurement by ordinary pecuniary standards" and are

11

therefore limited to $1000. Neb. Rev. Stat. § 59-1609. *See e.g.*, *Pauly v. Oliver Wright & Assocs.*, No. 8:21-CV-156, 2023 WL 6046318, at *3 (D. Neb. Jan. 6, 2023).

The amended complaint does not allege damages exceeding $75,000. This Court therefore lacks diversity jurisdiction over Montgomery's state law claims.

Under 28 U.S.C. § 1367(c)(3), the Court may, in its discretion, exercise supplemental jurisdiction over state law claims where the Court has dismissed all claims arising under federal law. *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie—Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988).

Upon consideration of the allegations in the amended complaint, and specifically noting that the statute of limitations has not expired on the state law claims, the Court will refrain from exercising supplemental jurisdiction over Montgomery's claims arising under Nebraska law.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Even liberally construed, the amended complaint does not allege a cognizable claim for violations of federal law. Upon the necessary dismissal of the federal claims, the Court lacks diversity

jurisdiction and declines to exercise supplemental jurisdiction over the remaining state claims. The amended complaint must therefore be dismissed.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion for leave to supplement the amended complaint, Filing 19, is granted. The allegations and documents of Filing 19 were considered in performing the initial review of the amended complaint.

2. This matter is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 13th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge